

Lynn A. Lazaro
33 Oak Ridge Road
Montague, NJ 07827

January 21, 2008

United States Bankruptcy Court          Shmuel Klein, Esq.
District of New Jersey                  113 Cedarhill Avenue
50 Walnut Street, 3rd Floor             Mahwah, NJ 07430
Newark, NJ 07102

Re: Peters v. Credit Management, et als
    Case #07-23531
    07-2219   RG
Gentlemen/Madam:

Please be advised that I had become aware of the above-captioned action when I was served on January 12, 2008. Prior to that day, I had no knowledge that this was pending.

I was an independent contractor for Journeyman Title Agency and was assigned to close this transaction on behalf of Mr. Alexander's lender. Prior to closing, I had no contact with Mr. & Mrs. Peters or Alexander Dye and I was not aware of any of the parties personal circumstances, any other arrangements, promises or agreements that were supposedly made. I was merely notified that this was a Purchase transaction, the date, time and place the closing was scheduled for.

I did not solicit either of the parties or induce or force them to close this transaction, as all documents that were signed and notarized were explained. Mr. & Mrs. Peters signed a Deed, Affidavit of Title and the Settlement Statement in my presence and all parties were given copies of the closing documents that were ultimately returned to Mr. Dye's lender.

I was also not present at any meetings, privy to any correspondence, ordering of appraisals, any documentation that was required prior to closing to effectuate loan approval, promises of the filing of tax returns or telephone conversations that took place before or after the closing of this transaction.

Once the necessary documentation required by Mr. Dye's lender was signed, all parties involved were sitting in the conference room and I left for another appointment. At no time did I go out to the reception area to have any document(s) signed.

Very truly yours,

Lynn A. Lazaro